MANUEL BENAVIDES v. THE STATE.

No. 11968.   Delivered February 20, 1929.

The opinion states the case.

*Tom Cheatham* of Cuero, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, wilfully obstructing a railroad track; penalty, two years in the penitentiary.

A large piece of iron, which was apparently a part of a flywheel, was found on the Galveston, Harrisburg & San Antonio Railroad near Yorktown. Appellant and another were arrested and appellant ·signed a confession.

The indictment charges the wilful obstruction by appellant of the Galveston, Harrisburg & San Antonio Railroad. The point is raised

in various ways that the prosecution should fail because there is no such railroad at the point of the alleged obstruction, its real name being the San Antonio & Arkansas Pass Railway Company, according to the records of the Interstate Commerce Commission. It was abundantly shown on the trial that the name alleged in the indictment was the name by which it was known to the general public. Its employees referred to it by such name and if it has some other name in the archives of the Interstate Commerce Commission, the public did not seem to be aware of it. It was correct pleading to thus designate it. Its designation by some secret name shown in the archives of a governmental department at Washington would mislead, instead of assist the accused. The only purpose of naming it was to correctly identify it and appraise the accused of the railroad he was charged with obstructing. If want of consent, or any other element which called for some affirmative act on the part of the railroad were involved, we would have a different question. For authorities sustaining this view, see Johnson v. State, 1 S. W. (2d) 900; Sweeney v. State, 65 Tex. Crim. Rep. 592. The case of Blocker v. State, 61 Tex. Crim. Rep. 413, relied on by appellant, deals with an entirely different question.

Appellant's confession was introduced over his objection that he was at the time in custody by virtue of an illegal arrest. The contention is made that under the Constitution and the terms of the recently enacted search and seizure statute the admission of a confession given while illegally restrained is inhibited. The confession in the instant case was in writing and on its face seems to comply with all the conditions laid down in Art. 727, C. C. P., regulating the admission of confessions while in custody. Nothing was admitted in evidence which was obtained as a result of any illegal search or seizure. Appellant's confession on its face shows to be voluntary and its admission is, we think, controlled by Art. 727, C. C. P., rather than the terms of the search and seizure statute as contended by appellant.

By bill of exception No. 10 it is made to appear that appellant timely presented a special charge, the substance of which was an instruction to the jury to disregard appellant's written confession if there existed a reasonable doubt that he had received prior thereto the statutory warning. The Court certifies in this bill that the "evidence fairly raised this issue." If an issue was made in the Court below as to whether or not appellant had been properly warned, as provided by Art. 727, C. C. P., the Court should have appropri-

ately submitted the question to the jury with specific instructions to disregard same if such a fact were found to be true or if a reasonable doubt existed as to same. Bozeman v. State, 85 Tex. Crim. Rep. 653; Blocker v. State, 61 Tex. Crim. Rep. 413. The Court either was in error in approving the bill of exception or in refusing to give the charge. We are bound by the bill of exception.

The defense of appellant was an alibi. His testimony and that of other witnesses abundantly raised this issue. No defensive issue of any character was submitted by the Court in his charge. No exception, however, was taken to the Court's failure to give a charge on alibi and same under the circumstances presents no error and we mention this only because of another trial.

The Court should also, we think, have affirmatively submitted the defensive theory of appellant, namely, that if the jury believed the appellant obstructed the railroad track in question but entertained a reasonable doubt that same was wilfully done, they would acquit him. This, we think, was called for by certain statements in appellant's confession introduced by the State which raised the issue that the act was not done wilfully. This matter was properly preserved by bill of exception and should be given on another trial.

Other alleged errors complained of are believed to be without merit and are overruled.

Judgment reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.